# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSUE BENAVIDES NOLASCO** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-7101** |
| **STANLEY CROCKETT, et al.** | **SECTION: "G" (2)** |

## ORDER AND REASONS

Before the Court is Defendants Stanley Crockett, in his official capacity as Director of the New Orleans Field Office of the United States Citizenship and Immigration Services ("USCIS"), and USCIS' (collectively the "Defendants") "Motion to Dismiss."[1] In this litigation, Plaintiff Josue Benavides Nolasco ("Plaintiff") alleges that Defendants improperly denied his application for permanent residency.[2] Defendants filed the instant motion, arguing that Plaintiff's claims should be dismissed because the Court lacks subject matter jurisdiction to review USCIS' decision and Plaintiff fails to state a claim upon which relief can be granted.[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

### A.    *Factual Background*

In this litigation, Plaintiff seeks declaratory and injunctive relief to remedy Defendants'

---

[1] Rec. Doc. 23.

[2] Rec. Doc. 1.

[3] Rec. Doc. 11 at 1.

alleged denial of Plaintiff's application for permanent residency or adjustment of status.[4] Plaintiff alleges that he is a citizen of El Salvador who entered the United States ("U.S.") without inspection on December 9, 1997.[5] Plaintiff claims that the U.S. Immigration and Naturalization Service approved his Temporary Protected Status ("TPS") on February 11, 2002, and Plaintiff has continuously maintained his TPS status since then.[6] Plaintiff states that he married a U.S. citizen on March 31, 2005, and his wife filed a Form I-130 on September 16, 2007 to establish their relationship as married.[7] Plaintiff alleges that on September 16, 2007, he also filed his first Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485").[8]

Plaintiff asserts that on October 30, 2008, USCIS approved his Form I-485, granting Plaintiff lawful permanent resident ("LPR") status.[9] Plaintiff then alleges that on November 5, 2008, USCIS mailed a notice of intent to rescind his LPR status.[10] Plaintiff states that USCIS' proffered reason for rescission was that "Plaintiff was never admitted to the United States at a border port of entry, and therefore, Plaintiff did not satisfy the admission element of INA."[11] Plaintiff asserts that his attorney responded to the notice by informing USCIS that Plaintiff's TPS status established his admission to the U.S. for the purposes of satisfying the admission element

---

[4] Rec. Doc. 1 at 1.

[5] *Id.* at 7.

[6] *Id.* at 8–9.

[7] *Id.* at 9–10.

[8] *Id.*

[9] *Id.* at 9.

[10] *Id.*

[11] *Id.*

of 8 U.S.C. § 1255(a), § 245(a) of the Immigration and Nationality Act ("INA").[12] Plaintiff states that on November 25, 2008, USCIS rejected this argument by his attorney and rescinded his LPR status.[13]

Plaintiff contends that on December 8, 2014, he filed another Form I-485 with the New Orleans Field Office of the USCIS.[14] Plaintiff alleges that with his application, he submitted evidence of his TPS status.[15] Despite this, Plaintiff asserts that USCIS sent a notice on August 24, 2017, requesting that he submit evidence of his admission at a border point of entry, grant of parole-in-place, or eligibility for filing for adjustment of status.[16] Plaintiff states that on September 14, 2017, he again submitted evidence of his continuous TPS status.[17] Plaintiff alleges that Defendants denied Plaintiff's Form I-485 on January 18, 2018, determining that Plaintiff had abandoned his application by failing to provide the evidence requested on August 24, 2017.[18] Plaintiff avers that a result of USCIS' denial of his Form I-485, he suffers irreparable harm each day and faces the possibility of deportation when TPS for citizens of El Salvador expires in September 2019.[19]

---

[12] *Id.* at 9–10.

[13] *Id.* at 10.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 11.

[17] *Id.*

[18] *Id.* at 11–12.

[19] *Id.* at 15.

## B.    *Procedural Background*

On July 30, 2018, Plaintiff filed the "Complaint for Declaratory, Injunctive, and Mandamus Relief" against USCIS and Stanley Crockett as the Director the USCIS New Orleans Field Office.[20] In the Complaint, Plaintiff claims that Defendants acted *ultra vires* by failing to accept his TPS status as evidence of admission and designating his application as abandoned because he failed to supply this evidence.[21] Plaintiff argues that Defendants also violated the Administrative Procedure Act ("APA") by acting *ultra vires* in adopting a legal standard not authorized by statute or subject to notice and comment.[22]

Plaintiff asserts that this Court's jurisdiction is proper under the APA, the INA, the Declaratory Judgment Act, the All Writs Act, Mandamus Act, and Federal Rule of Civil Procedure 57.[23] Plaintiff further asserts that the Court's jurisdiction is not precluded by the INA because Defendants' denial of the Form I-485 was not discretionary.[24] Plaintiff argues that Defendants' actions constitute questions of law because Defendants incorrectly interpreted which evidence was required by the INA to prove Plaintiff's admission to the U.S.[25] Plaintiff therefore requests that the Court review USCIS' denial of the application and order the agency to approve Plaintiff's Form I-485.[26] Plaintiff also requests attorney's fees under the Equal Access to Justice

---

[20] *Id.*

[21] *Id.* at 12–13.

[22] *Id.* at 16–17.

[23] *Id.* at 4.

[24] *Id.*

[25] *Id.* at 4–5.

[26] *Id.*

Act.[27]

On October 30, 2018, Defendants filed the instant "Motion to Dismiss."[28] On November 13, 2018, Plaintiff filed an opposition.[29]

## II. Parties' Arguments

### A. *Defendant's Arguments in Support of the Motion to Dismiss*

In the instant motion, Defendants urge the Court to dismiss Plaintiff's claims because the Court lacks subject matter jurisdiction to review agency decisions that are purely discretionary and Plaintiff fails to state a claim upon which relief can be granted.[30]

#### 1. Lack of Subject Matter Jurisdiction

Defendants contend that "this Court lacks jurisdiction to review agency action that is committed to the discretion of the Secretary of the Department of Homeland Security ("DHS")."[31] Defendants aver that they made two discretionary decisions regarding Plaintiff's Form I-485: (1) issuance of the Request for Evidence ("RFE") and (2) deciding that Plaintiff's application was abandoned.[32] Defendants allege that if an application is missing evidence, "'USCIS *in its discretion* may…request that the missing initial evidence be submitted within a specified period of time as determined by USCIS.'"[33] Defendants assert that the word "may" indicates that

---

[27] *Id.* at 15.

[28] Rec. Doc. 23.

[29] Rec. Doc. 26.

[30] Rec. Doc. 23-1 at 2–3.

[31] *Id.* at 2.

[32] *Id.*

[33] *Id.* at 8 (quoting 8 C.F.R. § 103.2(b)(8)(ii)) (emphasis added).

requesting additional evidence is a discretionary action committed solely to the agency.[34] Similarly, Defendants aver that the decision to designate an application as abandoned is discretionary because the regulatory language states that "'the benefit request *may* be summarily denied as abandoned.'"[35]

Defendants argue that such agency actions are generally unreviewable.[36] Defendants then present the Supreme Court case *Kucana v. Holder*.[37] Defendants admit that in *Kucana*, the Supreme Court held that when a regulation is the basis for discretionary action, judicial review is not barred.[38] Yet, Defendants argue that the Supreme Court case *Lincoln v. Vigil*,[39] is still applicable and creates an exception for the regulations at issue in this matter.[40] According to Defendants, *Lincoln* stands for the proposition that under 5 U.S.C. § 701(a)(2) such "'review is not to be had in those rare circumstances where the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'"[41] Defendants insist that the *Lincoln* holding is applicable here.[42] Defendants contend that their two discretionary decisions were based on regulations that interpreted the INA.[43] Defendants allege

---

[34] *Id.*

[35] *Id.* (quoting 8 C.F.R. § 103.2(b)(13)(i)) (emphasis added).

[36] *Id.* at 8–9.

[37] *Id.* at 9 (citing 558 U.S. 233 (2010)).

[38] *Id.* (citing *Kucana*, 558 U.S. at 233).

[39] 508 U.S. 182 (1993).

[40] Rec. Doc. 23-1 at 9 (citing *Lincoln*, 508 U.S. at 190).

[41] *Id.* (citing *Lincoln*, 508 U.S. at 190).

[42] *Id.*

[43] *Id.*

that neither the INA nor the agency regulations provide courts with a standard for determining when RFEs or abandonment determinations should be issued.[44] Therefore, Defendants aver that courts have no meaningful standard by which to judge agency decisions regarding these actions, and the decisions are thus not reviewable by this Court.[45]

### 2. Failure to State a Claim

Defendants argue that Plaintiff fails to state a claim upon which relief can be granted because claims based on substantive error and procedural error both lack merit.[46] First, Defendants assert that Plaintiff cannot request review of a substantive decision regarding his TPS status and eligibility for LPR status because USCIS did not make a substantive decision on Plaintiff's application.[47] Defendants allege that their Request for Evidence sought documentation on Plaintiff's admission status, but despite Plaintiff's proffer in the Complaint that he mailed evidence on September 14, 2017, they never received Plaintiff's response to the RFE.[48] Specifically, Defendants assert that the cover letter and envelope that Plaintiff attaches to the Complaint as evidence of his response do not prove that USCIS actually received Plaintiff's alleged materials.[49] Accordingly, Defendants assert that because they never received the requested evidence, the agency never made a decision on whether TPS qualifies as admission or whether Plaintiff can become a LPR.[50] Without such substantive decisions, Defendants argue that

---

[44] *Id.*

[45] *Id.*

[46] *Id.* at 10.

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.* at 11.

Plaintiff fails to state a claim for substantive review.[51]

Next, Defendants argue that Plaintiff cannot challenge the procedural classification of his application as abandoned because this discretionary action was "in concert with regulations promulgated following notice-and-comment."[52] As the basis for this argument, Defendants assert that "[t]he APA permits the court to set aside the agency's decision only if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"[53] Defendants aver that this standard of review is highly deferential and courts must presume the validity of agency action, especially if the decision accords with the two-step analysis described in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*[54] Defendants aver that under *Chevron* deference, where Congress fails to provide an explanation of how a statute should be interpreted, courts defer to the agency's interpretation.[55]

Here, Defendants argue that designating Plaintiff's application as abandoned was not arbitrary, capricious, or an abuse of discretion.[56] Defendants assert that marking applications as abandoned is a function sanctioned by 8 C.F.R § 103.2(b)(13)(i), a regulation formulated by DHS under the rulemaking process.[57] Defendants contend that Congress did not include instructions in the INA on how DHS should adjudicate benefit applications or respond when an applicant fails

---

[51] *Id.* at 12.

[52] Rec. Doc. 23-1 at 2–3.

[53] *Id.* at 5 (quoting 5 U.S.C. § 706(2)(A)).

[54] *Id.* at 12 (citing 467 U.S. 837 (1984)).

[55] *Id.* at 6.

[56] *Id.* at 13.

[57] *Id.* at 12.

to reply to a request for evidence.[58] Defendants aver that in the absence of instructions from

Congress, DHS formulated 8 C.F.R § 103.2 and subjected the regulation to notice-and-comment

and modifications as required.[59] Because the regulation was properly promulgated, Defendants

contend that designating Plaintiff's application as abandoned was part of USCIS' duly delegated

powers and not *ultra vires*.[60] Therefore, Defendants argue that Plaintiff cannot state a claim that

USCIS' procedural decisions are reviewable by this Court.[61]

Accordingly, Defendants urge the Court to dismiss Plaintiff's claim because the Court

lacks jurisdiction to review the claim and Plaintiff has failed to state a claim upon which relief

can be granted.[62]

## B.      *Plaintiff's Arguments in Opposition to Defendant's Motion to Dismiss*

In opposition, Plaintiff argues that the Court should deny Defendants' Motion to Dismiss

because the Court has jurisdiction to hear the case and USCIS unlawfully denied Plaintiff's Form

I-485.[63] Plaintiff asserts that the Complaint fully details why this Court has subject matter

jurisdiction over his claims.[64] Plaintiff also contends that the Fifth Circuit "clearly had

jurisdiction" over other cases with the exact same legal issues.[65] Because the Fifth Circuit had

---

[58] *Id.*

[59] *Id.* at 13.

[60] *Id.*

[61] *Id.*

[62] *Id.* at 14.

[63] Rec. Doc. 26-2.

[64] *Id.* at 8.

[65] *Id.* Plaintiff references *Guerrero v. Nielsen*, 742 Fed. App'x. 793 (5th Cir. 2018), which Plaintiff asserts is "a lawsuit with the exact same legal issues, albeit with one specific difference in the material facts which determined the outcome of the case." *Id.* Plaintiff states the key difference between *Nielsen* and the facts here is that in *Nielsen*, the respondent entered the U.S. as a crewman, which is expressly excluded as eligible for adjustment of status under § 1255. *Id.* at n.2. Plaintiff insists that because *Nielsen* was remanded solely on this issue, the district court's rationale

jurisdiction over those cases, Plaintiff avers that jurisdiction also exists here.[66]

Next, Plaintiff argues that USCIS unlawfully denied Plaintiff's Form I-485 because case law does not support USCIS' decision to request evidence regarding admission.[67] Plaintiff presents opinions from several courts holding that TPS status renders an individual "admitted" for the purposes of adjustment of citizenship under 8 U.S.C. § 1255 of the INA ("§ 1255").[68] Plaintiff highlights the holding in *Flores v. U.S. Citizenship & Immigration Services*,[69] where the Sixth Circuit stated that the plain language of 8 U.S.C. § 1254a(f) ("§ 1254a(f)") applies to the entirety of § 1255 and provides TPS participants with lawful nonimmigrant status under § 1255.[70] Plaintiff then discusses a related opinion, *Ramirez v. Brown*, [71] where the Ninth Circuit held that § 1254a(f) clearly and unambiguously designates that TPS status renders a person "admitted" for the purposes of § 1255.[72]

Plaintiff also discusses the district court case, *Guerrero v. Johnson*,[73] where a judge found that the court should not afford deference to USCIS' interpretation of § 1255 as barring the plaintiff's application for relief.[74] Finally, Plaintiff distinguishes this case from the case *Serrano*

---

and Fifth Circuit's subsequent review, are applicable here. *Id.*

[66] *Id.* at 8–9.

[67] *Id.* at 7.

[68] *Id.* at 3–7.

[69] 718 F.3d 548 (6th Cir. 2013).

[70] Rec. Doc. 26-2 at 3–4.

[71] 852 F.3d 954 (9th Cir. 2017).

[72] Rec. Doc. 26-2 at 4–5.

[73] 138 F. Supp. 3d 754 (E.D. La. 2015) (Berrigan, J.).

[74] Rec. Doc. 26-2 at 6–7.

*v. U.S. Atty. Gen.*,[75] where the Eleventh Circuit upheld a motion to dismiss on the grounds that the plaintiff's TPS status did not satisfy the requirements for admission under § 1255.[76] Plaintiff argues that *Serrano* is inapplicable here because the Eleventh Circuit only published a *per curiam* opinion that did not analyze how § 1254a(f) should be interpreted in relation to § 1255.[77]

Relying on the analyses in these opinions, Plaintiff asserts that TPS satisfies the admission requirement of § 1255 and that the submission of additional evidence was unnecessary.[78] Plaintiff insists that Defendants' RFE and subsequent denial of his application as abandoned were *ultra vires* because the INA does not sanction these actions for an applicant with TPS.[79] Because Plaintiff contends that Defendants acted unlawfully and the Court has jurisdiction to review Defendants' actions, Plaintiff requests that the Court deny Defendants' Motion to Dismiss.[80]

### III. Legal Standard

#### A.    Standard on a Rule 12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute."[81] Thus, under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[82] In ruling on a Rule 12(b)(1) motion to dismiss, the

---

[75] 655 F.3d 1260 (11th Cir. 2011).

[76] Rec. Doc. 26-2 at 5–6.

[77] *Id.*

[78] *Id.* at 7.

[79] *Id.*

[80] *Id.* at 9.

[81] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[82] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1000 (5th Cir. 1998) (internal citation

Court may rely on: (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts.[83] Ultimately, a court should dismiss a case for lack of subject matter jurisdiction "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[84] The plaintiff, as the party asserting jurisdiction, has the burden of proving subject matter jurisdiction by a preponderance of the evidence.[85] When a Rule 12(b)(1) motion is filed alongside other Rule 12 challenges, the district court "should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[86]

**B.      *Standard on a Rule 12(b)(6) Motion to Dismiss***

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[87] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[88] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[89] "Factual allegations must be enough to raise a right to relief above the

---

omitted).

[83] *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[84] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998)).

[85] *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (internal citations omitted).

[86] *Ramming*, 281 F.3d at 161 (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).

[87] Fed. R. Civ. P. 12(b)(6).

[88] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[89] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

speculative level."[90] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[91]

On a motion to dismiss, asserted claims are liberally construed in favor of the nonmoving party, and all facts pleaded are taken as true.[92] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[93] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[94] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[95] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[96] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[97] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[98] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is

---

[90] *Twombly*, 550 U.S. at 556.

[91] *Id.* at 570.

[92] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[93] *Iqbal*, 556 U.S. at 677–78.

[94] *Id.* at 679.

[95] *Id.* at 678.

[96] *Id.*

[97] *Id.*

[98] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

an "insuperable" bar to relief, the claim must be dismissed.[99]

## IV. Analysis

In the instant motion, Defendants urge the Court to dismiss Plaintiff's claims because (1) the Court does not have subject matter jurisdiction to review Defendants' discretionary decisions and (2) Plaintiff does not state a substantive or procedural claim upon which relief can be granted.[100] In opposition, Plaintiff asserts that the Court has jurisdiction and that he states a claim for review of a question of law.[101] As an initial matter, the Court will address "the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[102]

Defendants contend that the Court lacks jurisdiction to review Plaintiff's claims because under 8 U.S.C. § 1252(a)(2)(B)(ii), "discretionary agency actions are generally unreviewable."[103] The Court, however, will not reach the issue of whether the action was discretionary because it finds that it does not have subject matter jurisdiction under any of Plaintiff's asserted statutory grounds for jurisdiction.[104] In the Complaint, Plaintiff alleges that jurisdiction is proper under 8 U.S.C. § 1101, *et seq.*, the Immigration and Nationality Act; 28 U.S.C. § 2201, *et seq.*, the Declaratory Judgment Act; 28 U.S.C. § 1651, the All Writs Act; 5 U.S.C. § 701, *et seq.*, the Administrative Procedure Act; and 28 U.S.C. § 1361, The Mandamus Act.[105]

---

[99] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[100] Rec. Doc. 23-1 at 2–3.

[101] Rec. Doc. 26-2 at 7–8.

[102] *Ramming*, 281 F.3d at 161 (citing *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).

[103] Rec. Doc. 23-1 at 8.

[104] *Velasquez v. Nielsen*, 754 F. App'x 256, 260 (5th Cir. 2018) (finding that the court did not need to directly address the issue of whether the denial was discretionary "because a further jurisdictional problem bars appellants' claim.").

[105] Rec. Doc. 1 at 4.

It is well settled that the Declaratory Judgment Act and the All Writs Act do not confer an independent basis for subject matter jurisdiction over cases.[106] In order for Plaintiff to pursue his claims against Defendants, jurisdiction must arise under another federal law.[107] One of the bases for subject matter jurisdiction that Plaintiff asserts is the APA.[108] The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."[109] However, only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."[110] A "preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."[111] Thus, the Court's jurisdiction under the APA is contingent upon whether there was final agency action in this case.

8 C.F.R. § 245.2, the regulation which governs I-485 applications, states that "[n]o appeal lies from the denial of an application by the director, but the applicant...retains the right to renew his or her application in [removal] proceedings...." The Fifth Circuit case *Cardoso v. Reno*,[112] examined the implications of this provision on the subject matter jurisdiction of courts. In

---

[106] *In re B–727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001) ("[T]he Declaratory Judgment Act does not provide a federal court with an independent basis for exercising subject-matter jurisdiction.") (citation omitted); *Renteria–Gonzalez v. INS*, 322 F.3d 804, 811 (5th Cir.2002) (The All Writs Act "does not confer an independent basis for subject matter jurisdiction.")

[107] *See In re B–727 Aircraft Serial No. 21010*, 272 F.3d at 270 (quoting *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996)).

[108] *Id.* at 4–5.

[109] 5 U.S.C. § 702.

[110] 5 U.S.C. § 704.

[111] *Id.*

[112] 216 F.3d 512 (5th Cir. 2000).

*Cardoso*, the INS had denied the plaintiff's request for an adjustment of status, but no removal proceedings had been initiated.[113] Plaintiff filed a claim in district court requesting review under 8 U.S.C. § 1252.[114] First, the Fifth Circuit noted that 8 U.S.C. § 1252(d) precluded judicial review of administrative decisions for which a plaintiff has not exhausted "all administrative remedies."[115] Then, the Fifth Circuit found that under the language of 8 C.F.R. § 245.2, the plaintiff could not directly appeal the denial, but she could renew her request upon the agency's commencement of removal proceedings.[116] The Fifth Circuit then held that because the plaintiff had the right to reapply for adjustment of status as part of deportation proceedings, she had not exhausted her administrative remedies and the court did not have jurisdiction to review her claim under the INA.[117]

Though the Fifth Circuit's analysis in *Cardoso* examined jurisdiction under 8 U.S.C. § 1252, the Fifth Circuit has found that the *Cardoso* holding is still applicable to a plaintiff's APA claim because "both statutes require final agency action as a prerequisite to judicial review."[118] Similar to the circumstances in *Cardoso*, Defendants in this matter have denied Plaintiff's application for adjustment of status and have indicated to Plaintiff that he does not have the right to appeal.[119] Plaintiff therefore insists that he "has exhausted his administrative remedies and there are no further administrative acts that Plaintiff can take to obtain the benefits to which he is

---

[113] *Id.* at 517–18.

[114] *Id.*

[115] *Id.*

[116] *Id.* at 518.

[117] *Id.*

[118] *Petrenko-Gunter v. Upchurch*, No. 05-11249, 2006 WL 2852359, at *1 (5th Cir. 2006).

[119] Rec. Doc. 10-14 at 3.

entitled."[120] Yet, in Defendants' Notice of Decision to Plaintiff, Defendants specifically state that Plaintiff "may be able to renew []his application in such proceedings before an Immigration Judge."[121] This directive comports with 8 C.F.R. § 245.2 and the Fifth Circuit's holding that applicants whose I-485 applications are denied have the ability to renew their application during removal proceedings.[122]

Based on the records currently before the Court, Plaintiff has not been subject to removal proceedings, and Plaintiff has therefore not had the opportunity to renew his claims before an immigration judge. Under *Cardoso*, there is still a remedy available to Plaintiff, and where there is still an adequate remedy available during removal proceedings, the denial of a request for adjustment of status is not a final agency action.[123] Therefore, according to Fifth Circuit precedent, the Court does not have jurisdiction to review Plaintiff's claims under the APA.

Plaintiff avers that he should not have to wait for deportation proceedings to raise his arguments because "further efforts at exhaustion would be futile," cause a delay, and create irreparable injury and injustice to Plaintiff.[124] The Court finds these statements to be conclusory and unsupported by Fifth Circuit precedent. All of the cases that Plaintiff cites in support of his

---

[120] Rec. Doc. 1 at 13.

[121] Rec. Doc. 10-14 at 3.

[122] *Cardoso*, 216 F.3d at 518.

[123] *Id.*

[124] Rec. Doc. 1 at 14.

arguments are used out of context[125] or are from other circuits that are not binding on this Court.[126] Further, since *Cardoso*, the Fifth Circuit has held several times that "an individual denied an adjustment of status can renew that request for adjustment of status upon the commencement of removal proceedings."[127] This Court follows the Fifth Circuit's precedent of deferring to removal proceedings as an adequate remedy.

In the Complaint, Plaintiff also asserts that 8 U.S.C. § 1252 is not a bar to the Court's jurisdiction because "this case does not involve 'final orders of removal'" and Defendants' decision to deny his application was not discretionary. Though Plaintiff is accurate in asserting that a final order of removal has not been issued, the Fifth Circuit has stated that under *Cardoso*, it is "clear that the district courts do not have jurisdiction to review a denial of adjustment of status, regardless of whether that denial is based on discretionary factors, and regardless of whether it comes in the context of removal proceedings."[128] Even where removal proceedings have not yet been initiated and a final order of removal has not been issued, 8 C.F.R. § 245.2 still requires an applicant to wait for removal proceedings to renew his or her argument.[129] This is the

---

[125] Plaintiff cites the Supreme Court case, *Darby v. Cisneros*, 509 U.S. 137, 154 (1993) for the proposition that "Courts are not free to impose an exhaustion requirement as a rule of judicial administration where the agency action has already become 'final' under [5 U.S.C. § 704]." Yet, the Fifth Circuit has determined that 8 C.F.R. § 245.2 is an administrative, and not court-imposed, exhaustion requirement which precludes agency action from becoming final until arguments are raised in administrative proceedings. Plaintiff also cites *Houghton v. Shafer*, 392 U.S. 639, 640 (1968), to support his argument that Defendants are biased. Plaintiff's case is distinguishable, however, because the immigration judge, not Defendants, would be the decisionmaker if Plaintiff renewed his arguments in removal proceedings. Therefore, there is no danger of future bias from the same party.

[126] Plaintiff cites the following circuit court cases in support of his argument that he has exhausted his administrative remedies and should not have to pursue additional action: *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003); *Rhoa-Zamora v. INS*, 971 F.2d 26, 31 (7th Cir. 1992), *cert. denied*, 508 U.S. 906 (1993); *Pinho v. Gonzales*, 432 F.3d 193, 202 (3rd Cir. 2005); *Whitfield v. Hanges*, 222 F.2d 745 (8th Cir. 1915); *Sousa v. INS*, 226 F.3d 28 (1st Cir. 2000).

[127] *Petrenko-Gunter v. Upchurch*, No. 05-11249, 2006 WL 2852359, at *1 (5th Cir. 2006); *Velasquez v. Nielsen*, 754 F. App'x 256, 260–61 (5th Cir. 2018); *Maringo v. Mukasey*, 281 F. App'x 365, 368 (5th Cir. 2008).

[128] *Velasquez*, 754 F. App'x at 260; *Maringo*, 281 F. App'x at 368.

[129] *Velasquez*, 754 F. App'x at 261 ("[T]he [*Cardoso*] court held that Moran could not challenge the immigration

only way that courts can make a finding of final agency action.[130]

Another argument that Plaintiff makes in support of subject matter jurisdiction is that "the Fifth Circuit clearly had [subject matter] jurisdiction in *Guerrero v. Nielsen*, a lawsuit with the exact same legal issues, albeit with one specific difference in the material facts which determined the outcome of the case."[131] The Court finds that this argument fails for several reasons. First, the Fifth Circuit case which Plaintiff cites, *Guerrero v. Nielsen*, is a nonprecedential, unpublished opinion that is not precedent.[132] Further, the parties in *Guerrero* did not specifically raise the issue of subject matter jurisdiction, and the district court did not examine the issue, aside from a footnote in which the district court did not examine *Cardoso* and its progeny.[133] Furthermore, the Fifth Circuit did not examine the issue of subject matter jurisdiction in its opinion. [134] Accordingly, Plaintiff's comparison case is distinguishable and non-binding.

Similarly, the Court notes that throughout the Complaint and Plaintiff's opposition brief, Plaintiff cites to cases from other circuits and district courts in support of his argument that TPS satisfies the admission element of I-485 applications. [135] These cases are merely persuasive

---

judge's decision to deny her request for adjustment of status in the federal district court, but must instead wait to do so if and when removal proceedings were commenced.") (citing *Cardoso*, 216 F.3d at 517–18).

[130] *Id.*; *Cardoso*, 216 F.3d at 517–18.

[131] Rec. Doc. 26-2 at 8.

[132] *Guerrero v. Nielsen*, 742 F. App'x 793 (5th Cir. 2018). The first page of the opinion states "Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4." *Id.* Fifth Circuit Rule 47.5.4 specifies that "[u]npublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case...."

[133] *Guerrero v. Johnson*, 138 F. Supp. 3d 754, 756 n.2 (E.D. La. 2015).

[134] *Guerrero,* 742 F. App'x at 793.

[135] *See* Rec. Doc. 1 at 1–2; Rec. Doc. 26-2 at 2–5. Plaintiff relies on the following cases: *Flores v. U.S. Citizenship and Immigration Services*, 718 F.3d 548, 555 (3rd Cir. 2013); *Ramirez v. Brown*, 852 F.3d 954, 956 (9th Cir. 2017); *Medina v. Beers*, 65 F.Supp.3d 419 (E.D. Penn. 2014); *Ramirez v. Dougherty*, 23 F.Supp.3d 1322 (W.D. Wash.

authority, and they were not decided under Fifth Circuit precedent clearly stating that courts may not review an agency decision where all administrative remedies have not been exhausted. In this Circuit, in order to review Plaintiff's claims under the APA, there must be "final agency action."[136] Where Plaintiff has not exhausted his administrative remedies by renewing his application during removal proceedings, there is no final agency action for the Court to review.[137] Therefore, this Court does not have subject matter jurisdiction under the APA.

Plaintiff also asserts the Court has subject matter jurisdiction under the Mandamus Act. The federal mandamus statute, 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[138] Mandamus is an extraordinary remedy available only where the plaintiff establishes: (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy.[139] Here, the Court has found that Plaintiff still has an adequate remedy for resolution of his claims: renewing his arguments during removal proceedings. Therefore, the Mandamus Act is not a basis for jurisdiction over Plaintiff's claims.

Finally, Plaintiff cites the INA as an independent basis of jurisdiction. Though Plaintiff does not clearly allege which provision of the INA provides the Court with jurisdiction, a recent

---

2014).

[136] 5 U.S.C. § 704.

[137] *Cardoso*, 216 F.3d at 517–18.

[138] *Allied Chemical Corp. v. Daiflon, Inc*., 449 U.S. 33, 34 (1980); *In re First South Sav. Ass'n*, 820 F.2d 700, 705 (5th Cir. 1987).

[139] *See Allied Chemical*, 449 U.S. at 35; *Scott v. FNU New*, 387 Fed. Appx. 469, 470 (5th Cir. 2010); *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997).

Fifth Circuit opinion clearly noted that under *Cardoso*, "[o]ur precedent makes clear that the district courts do not have jurisdiction to review a denial of adjustment of status, regardless of whether that denial is based on discretionary factors, and regardless of whether it comes in the context of removal proceedings."[140] The Fifth Circuit did not distinguish between the different provisions of the INA.[141] It broadly held that district courts may not review denials of adjustment of status.[142] Therefore, this Court does not have jurisdiction to review Plaintiff's claims under the INA, and because all of Plaintiff's asserted statutory bases for jurisdiction fail, the Court finds that it does not have subject matter jurisdiction over Plaintiff's claims.

### V. Conclusion

For the reasons discussed above, the Court lacks jurisdiction to review Plaintiff's claims because Plaintiff has not exhausted his administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Stanley Crockett's and USCIS' "Motion to Dismiss"[143] is **GRANTED** and all claims are **DISMISSED WITHOUT PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this  11th  day of June, 2019.


**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[140] *Velasquez*, 754 F. App'x at 260 (citing *Cardoso*, 216 F.3d at 517–18).

[141] *See id.*

[142] *Id.*

[143] Rec. Doc. 23.